## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

In re:                                                    Bk. No. 05-03276 (JMD)

                                                          Chapter 11
422 Corporation,
                    Debtor


422 Corporation and
Banco Popular de Puerto Rico,
                    Plaintiffs


v.                                                        Adv. No. 05-00251 (JMD)


United Surety & Indemnity Company,
Puerto Rico Housing Authority and
Julie Lorenzo,
                    Defendants


## MEMORANDUM OPINION

### I.  INTRODUCTION

The Court has before it the Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant

to Fed. R. Bankr. 7012(b) (Doc. No. 19) (the "Motion") filed by defendant United Surety & Indemnity

Company ("USIC").  422 Corporation (the "Debtor") and Banco Popular de Puerto Rico ("BPPR")

(collectively the Debtor and BPPR shall be referred to as the "Plaintiffs") initiated this adversary

proceeding by filing a complaint alleging a number of claims against USIC and the Puerto Rico Public

Housing Administration ("PRPHA") (Doc. No. 1) (the "Complaint").

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334

and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy

Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTUAL BACKGROUND

PRPHA and the Debtor entered into a construction contract on or about December 1, 2002, for the remodeling of a public housing project known as Las Americas Public Housing, in Lajas, Puerto Rico (the "Construction Contract").  On or about December 5, 2002, USIC issued a payment and performance bond in relation to work contemplated by the Construction Contract (the "Bond").  In connection with the issuance of the Bond, Julie Lorenzo, a principal of the Debtor, a named co-defendant but an involuntary plaintiff in this adversary proceeding ("Lorenzo"), executed an indemnity agreement in favor of USIC (the "Indemnity Agreement").  The Complaint raises several claims against USIC, including (i) the status of USIC as a secured creditor with respect to the Construction Contract proceeds; (ii) interference with the rights and property of the Plaintiffs and Lorenzo in the Construction Contract; (iii) equitable subordination of USIC's rights to the Plaintiffs, the bankruptcy estate, and the creditor body; (iv) breach of its contract with the Debtor; and (v) a release of Lorenzo from liability under the Indemnity Agreement.  In its Motion, USIC concedes that the Court has subject matter jurisdiction over the Debtor's claims against USIC, but seeks dismissal of all claims against it by BPPR and Lorenzo based on the lack of subject matter jurisdiction.

First, USIC contends that the claims of BPPR and Lorenzo do not arise under the Bankruptcy Code or arise in the Debtor's bankruptcy case, and, therefore, are not core proceedings under 28 U.S.C. § 157(b).  Second, USIC contends that the claims against it by BPPR and Lorenzo are not

related to the Debtor's bankruptcy case. Accordingly, USIC asserts this Court does not have subject matter jurisdiction over those claims under 28 U.S.C. § 1334. BPPR opposes the Motion and argues that the Court has subject matter jurisdiction because the claims in the Complaint are based upon post-petition conduct of USIC and USIC has consented to jurisdiction by appearing in this bankruptcy proceeding.

The claims in this adversary proceeding arise under title 11 if they involve a cause of action created or determined by a statutory provision of the Bankruptcy Code. New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir. 2002); Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara Child Care Consortium), 223 B.R. 40, 43 n.2 (citing Goldstein v. Marine Midland Bank, N.A. (In re Goldstein), 201 B.R. 1, 4 (Bankr. D. Me. 1996)). The claims in this adversary proceeding arise in a case under title 11 if they would have no existence outside of bankruptcy even if it is not based on any right expressly created by title 11. Middlesex Equip. & Marine, 292 F.3d at 68; Santa Clara Child Care, 223 B.R. at 43 n.3 (citing Goldstein, 201 B.R. at 4). The claims in this adversary proceeding are related to a case under title 11 if it could potentially have some effect on the bankruptcy estate, such as altering the Debtor's rights, liabilities, options, or freedom of action or otherwise have an impact upon the handling and administration of the bankruptcy estate. Middlesex Equip. & Marine, 292 F.3d at 68; Santa Clara Child Care, 223 B.R. at 45 (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3d Cir. 1984)).

For the reasons discussed in section III.F below, the Motion shall be granted with respect to Lorenzo on all claims. The fourth cause of action is brought solely by the Debtor and the Motion is not

requesting that the Court dismiss that claim. The seventh cause of action is by the Debtor against

PRPHA and is not the subject of the Motion.

### A. First Cause of Action

The first cause of action in the Complaint (the "First Count") seeks a declaratory judgment that

USIC does not have a perfected security interest in the proceeds of the Construction Contract and that

the rights of the Debtor and BPPR to such proceeds are superior to those of USIC. The determination

of the validity, extent, or priority of liens against property of the bankruptcy estate is a core proceeding.

28 U.S.C. § 157(b)(2)(K). The proceeds of the Construction Contract are property of the bankruptcy

estate. 11 U.S.C. § 541. The determination of the validity, extent, and priority of liens securing claims

against the estate is necessary in order to determine whether a claim is secured or unsecured and

whether a claim may be allowed as a fully secured claim or a partially secured claim. 11 U.S.C. §

506(a). The resolution of the First Count may also affect the use and disposition of property of the

bankruptcy estate by the debtor in possession, 28 U.S.C. §§ 157(b)(2)(A) and (E), the determination

of the claim of a creditor against the estate, 28 U.S.C. § 157(b)(2)(B), and the liquidation of assets of

the estate, 28 U.S.C. § 157(b)(2)(O). Thus, the resolution of the First Count will involve matters

arising under title 11 and arising in a case under title 11. 28 U.S.C. § 1334(b). Such matters are core

proceedings that may be heard and decided by bankruptcy judges. 28 U.S.C. § 157(b). Accordingly,

the Motion shall be denied as to the First Count.

### B. Second Cause of Action

The second cause of action in the Complaint (the "Second Count") seeks a determination that

USIC has wrongfully interfered with the rights and property of BPPR and is liable to the Debtor and/or

4

BPPR for any damages flowing from that interference.  On its face, the Second Count appears to involve claims between two non-debtor parties, USIC and BPPR, under Puerto Rico law.  However, to the extent that the claim in the Second Count involves damages that would otherwise increase the claim of BPPR against property of the estate or the Debtor, it would involve matters that arise under title 11 and arise in a case under title 11.  28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O).  If the claim in the Second Count develops into a recovery solely for the benefit of BPPR, without any affect on its claim against the estate or the Debtor, then it would not be a claim arising in, arising under, or related to a case under title 11.  Accordingly, the Motion shall be denied, without prejudice, as to the Second Count.  USIC may seek dismissal of the Second Count on subject matter jurisdictional grounds if and to the extent the recovery sought by BPPR would fall outside of this Court's jurisdiction under 28 U.S.C. § 1334(b).

### C. Third Cause of Action

The third cause of action in the Complaint (the "Third Count") seeks equitable subordination of the claims and rights of USIC under 11 U.S.C. § 510.  Equitable subordination under § 510(c) of the Bankruptcy Code is limited to subordination, for purposes of distribution from the estate, or preservation of a lien held by a subordinated creditor for the benefit of the estate.  While the Third Count must be based on non-bankruptcy equitable subordination law, this Court's authority to hear such matters arises under title 11 and in a case under title 11.  11 U.S.C. § 510(c).  Subordination of a claim for purposes of distribution and preservation of the lien of a subordinated creditor for the benefit of the estate is a core proceeding because it involves administration of the estate and affects the

liquidation of the assets of the estate. 28 U.S.C. §§ 157(b)(2)(A) and (O). Accordingly, the Motion shall be denied as to the Third Count.

### D. Fourth Cause of Action

The fourth cause of action in the Complaint (the "Fourth Count") is a breach of contract claim by the Debtor against USIC. USIC is not contesting the Court's subject matter jurisdiction over the Fourth Count.

### E. Fifth Cause of Action

The fifth cause of action in the Complaint (the "Fifth Count") is a breach of contract claim against both PRPHA and USIC seeking damages for their combined breach of contract, negligence, and bad-faith conduct. If the claim in the Fifth Count develops into a recovery solely for the benefit of BPPR, without any affect on its claim against the estate or the Debtor, then it would not be a claim arising in, arising under, or related to a case under title 11. Accordingly, the Motion shall be denied, without prejudice, as to the Fifth Count. USIC may seek dismissal of the Fifth Count on subject matter jurisdictional grounds if and to the extent the recovery sought by BPPR would fall outside of this Court's jurisdiction under 28 U.S.C. § 1334(b).

### F. Sixth Cause of Action

The sixth cause of action in the Complaint (the "Sixth Count") seeks a release of Lorenzo from her obligations to USIC under the Indemnity Agreement. The Sixth Count does not allege that Lorenzo either has a claim against the Debtor on account of any loss suffered by her under the Indemnity Agreement or that she has filed any proof of claim in connection therewith. On its face, the Sixth Count involves the obligations between two non-debtor parties under Puerto Rico suretyship and contract

6

law. Such claims do not arise in or arise under title 11 and are not related to a case under title 11. Accordingly, the Motion shall be granted as to the Sixth Count.

Although the Complaint sets forth seven separate causes of action with requested relief, it asks for judgement to be entered on behalf of the Plaintiffs and Lorenzo against PRPHA and USIC. In addition to the relief requested in the Sixth Count, the Complaint expressly requests that the Court find that USIC has unduly interfered with the rights and prerogatives of Lorenzo with respect to the work contemplated by the Construction Contract, declare that the rights of USIC are subordinated to Lorenzo, and award damages to Lorenzo. For the reasons set forth in the preceding paragraph, the Court does not have subject matter jurisdiction over any claims between Lorenzo and USIC arising from the Indemnity Agreement. Accordingly, the Motion shall be granted with respect to all claims by Lorenzo against USIC.

### G. Seventh Cause of Action

The seventh cause of action in the Complaint (the "Seventh Count") is a claim for balances owed by PRPHA to the Debtor for work completed under the Construction Contract. USIC is not contesting the Court's subject matter jurisdiction over the Seventh Count.

### IV. CONCLUSION

For the reasons set forth in this opinion, the Court shall issue an order granting the Motion in part and denying the Motion in part. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion.

ENTERED at San Juan, Puerto Rico.


Date: March 24, 2006                                /s/ J. Michael Deasy
                                                   J. Michael Deasy
                                                   Bankruptcy Judge
                                                   sitting by designation