**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

In re:                                                                    Bk. No. 05-03276 (JMD)

                                                                          Chapter 11

422 Corporation,

                   Debtor

422 Corporation and
Banco Popular de Puerto Rico,

                   Plaintiffs

v.                                                                        Adv. No. 05-00251 (JMD)

United Surety & Indemnity Company,
Puerto Rico Housing Authority and
Julie Lorenzo,

                   Defendants

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

The Court has before it the Motion to Dismiss Based on Eleventh Amendment Immunity Filed

by the Commonwealth of Puerto Rico Public Housing Administration (Doc. No. 22) (the "Motion")

filed by defendant Puerto Rico Public Housing Administration ("PRPHA").  422 Corporation (the

"Debtor") and Banco Popular de Puerto Rico ("BPPR") (collectively the Debtor and BPPR shall be

referred to as the "Plaintiffs") initiated this adversary proceeding by filing a complaint alleging a number

of claims against PRPHA (Doc. No. 1).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334

and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy

Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTUAL BACKGROUND

PRPHA and the Debtor entered into a construction contract on or about December 1, 2002, for the remodeling of a public housing project known as Las Americas Public Housing, in Lajas, Puerto Rico (the "Construction Contract"). The Plaintiffs claim that PRPHA has breached the Construction Contract by (i) failing to timely and diligently perform its obligations under the contract, (ii) failing to make payment to the Debtor for completed work certified for payment under the Construction Contract, and (iii) failing to extend the Construction Contract without penalty for delays caused by PRPHA or beyond the control of the Debtor. In the Motion, PRPHA contends it is immune to suit in this Court under the Eleventh Amendment of the United States Constitution. PRPHA contends that it is an "alter ego" of the Commonwealth of Puerto Rico (the "Commonwealth") and the Commonwealth is entitled to the same Eleventh Immunity as any of the fifty states. BPPR is opposed to the Motion based upon the failure of PRPHA to carry its burden to establish immunity under the standards set forth in Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56 (1st Cir. 2003).

## III. DISCUSSION

The Commonwealth is treated as a state for Eleventh Amendment purposes. Ports Auth. v. M/V Manhattan Prince, 897 F.2d 1, 9 (1st Cir. 1990). The question of whether PRPHA is an arm of

the Commonwealth entitled to share its Eleventh Amendment immunity is a question of federal law.

Fresenius, 322 F.3d at 61 (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 n. 5 (1997)).

The determination of whether PRPHA is entitled to Eleventh Amendment immunity is controlled by the

factors established in Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30 (1994).  Fresenius,

322 F.3d at 68.  The factors in Hess involve two key determinations.  First, the Court must determine

whether the Commonwealth clearly structured PRPHA to share its sovereignty.  If the factors assessed

in answering the first question point in different directions, then the Court must determine if there is a

risk that any recovery against PRPHA in this proceeding would be paid by the Commonwealth.  A

determination that damages will be paid by the public treasury is dispositive.  Id.  PRPHA, the entity

asserting Eleventh Amendment immunity, bears the burden of showing it is an arm of the

Commonwealth.  Fresenius, 322 F.3d at 61.

### A.  Structure of PRPHA

PRPHA argues that it is an executive agency of the Commonwealth, "which was created to

carry out the Commonwealth's public policy to improve the quality of life in public residential projects,

encourage community activity, and the integral development of Puerto Ricans who live in said housing

projects."  See 17 L.P.R.A. § 1002.  PRPHA maintains that it is neither a political subdivision of the

Commonwealth nor a separate, special-purpose public corporation.  The status of PRPHA as an arm

of the Commonwealth is determined initially by the structure established by the Commonwealth.

Fresenius, 322 F.3d at 62.

PRPHA was created in 1989 as a "government agency" of the Commonwealth.  17 L.P.R.A. §

1002.  The statutory language creating PRPHA is materially different from the language used by the

Puerto Rico Legislature in creating two other entities.  For example, the Puerto Rico Aqueduct and Sewer Authority ("PRASA")[1] was created as a corporation with perpetual existence and the capacity to sue and be sued in its corporate name and to execute all instruments and contracts necessary to exercise its powers,  22 L.P.R.A. § 144, and the Puerto Rico and Caribbean Cardiovascular Center Corporation ("PRCCCC")[2] was created as a public corporation "independent and separate from any other agency or instrumentality" of the Commonwealth, 24 L.P.R.A. § 343a.  In contrast, PRPHA is "attached to the Department of Housing."  17 L.P.R.A. § 1002.  The Department of Housing is part of the executive branch of the government of the Commonwealth.  See 3 L.P.R.A. § 441a.  Since the Puerto Rico Legislature has established entities that are clearly separate from the executive branch of the government and PRPHA was not so established, its statutory creation and structure point toward it being an arm of the Commonwealth.

The administrative powers of PRPHA and its public policy are determined by the Public Housing Administration Governing Board (the "Board").  17 L.P.R.A. § 1003.  The Board consists of seven members.  The Secretary of the Department of Housing (the "Secretary"), who serves as the President of the Board; the Secretary of the Department of the Family; the Secretary of the Department of Labor and Human Resources; and the Executive Director of the Authority for Housing Finance, all serve as ex-officio members of the Board.  Additionally, three private sector representatives are

---

[1] PRASA is not entitled to Eleventh Amendment immunity.  Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Auth., 991 F.2d 935 (1st Cir. 1993).

[2] PRCCCC is not entitled to Eleventh Amendment immunity.  Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 75 (1st Cir. 2003).

appointed by the Secretary with the approval of the Commonwealth.  17 L.P.R.A. § 1003(a).

Similarly, other entities formed by the Puerto Rico Legislature that have been found not to be entitled to

Eleventh Amendment immunity are also governed by a board of directors composed of statutorily

determined public officials or appointees by government officials.  See 22 L.P.R.A. § 143 (setting forth

the composition of the Board of Directors of PRASA) and 24 L.P.R.A. § 343c (setting forth the

composition of the Board of Directors of PRCCCC).  Therefore, the structure of the governance of

PRPHA is independent of elected officials and appointed Executive branch officials (e.g. the secretary

of a department), which points toward it not being an arm of the Commonwealth.

The funds obtained by PRPHA from appropriations from the Legislature of Puerto Rico,

collection of rent, and donations and contributions from the federal government are deposited in a

"special fund" in the Department of the Treasury designated as the "Public Housing Improvement

Fund."  17 L.P.R.A. § 1011.  In contrast, all funds held by PRASA are required to be maintained in

separate accounts from the Commonwealth or its agencies and political subdivisions.  22 L.P.R.A. §

147.  While the funds of PRPHA are held in a designated fund by the Department of Treasury rather

than in an entirely separate account, it appears that income from rental operations and funds from all

sources, including appropriations by the Puerto Rico Legislature, are held separate from general funds

of the Commonwealth.  Once placed in such separate accounts, PRPHA's funds appear to be under

the control of the Board, not the legislative or executive branches of government.  See 17 L.P.R.A. §

1004.  Therefore, the manner of holding funds by PRPHA is at least neutral or points toward it not

being an arm of the government.

The statute creating PRPHA permits it to enter into contracts as necessary to carry out its purposes but does not expressly empower it to issue bonds or borrow money.  17 L.P.R.A. § 104(f), (g), and (h).  In contrast, PRASA is authorized to borrow money and issue revenue bonds, 22 L.P.R.A. § 144(g), and PRCCCC is authorized to borrow money from any financing source,  24 L.P.R.A. § 343b.  The decision of the Puerto Rico Legislature not to authorize PRPHA to borrow money or issue bonds points to PRPHA being created as an arm of the Commonwealth.  However, the lack of authority to borrow money or issue bonds raises questions not disclosed in the record before the Court regarding how the activities of PRPHA, including operation and maintenance of its properties and capital improvements such as the renovations contemplated in the Construction Contract, are funded.

The Court's analysis of the elements in the structure of the PRPHA point in different directions regarding the status of PRPHA as an arm of the Commonwealth for purposes of Eleventh Amendment immunity.  PRPHA has only cited one case from a federal or commonwealth court that addresses the issue.  In Guadarrama v. U.S. Dept. of Hous. and Urban Dev., 74 F.Supp.2d 127 (D.P.R. 1999), the district court dismissed a tenant claim against PRPHA on the basis of standing, but indicated, in dicta, that "there are serious 11th Amendment issues as to PRDH [and] PRPHA."  Guadarrama, 74 F.Supp.2d at 141 n. 13.  Therefore, in the absence of any authority and mixed results from the analysis of the structure of PRPHA, the Court must consider the second question:  the risk that any recovery against PRPHA in this proceeding would be paid from by the Commonwealth.  Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003).

### B. Risk That A Judgment Will Be Paid by the Commonwealth

PRCCCC is directed to establish the fiscal, budgetary, and cost controls needed to keep its budget within the limits of its estimated income so as to keep from incurring a shortfall. 24 L.P.R.A. § 343h. The PRASA is expressly not authorized to pledge the credit or taxing power of the Commonwealth or any of its subdivisions, and its bonds must be paid solely from its own funds. 22 L.P.R.A. § 144. Primarily because the Commonwealth would not be responsible for any judgment against those two entities, they have been found not to be entitled to Eleventh Amendment immunity. Fresenius, 322 F.3d at 75; Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Auth., 991 F.2d 935, 943 (1st Cir. 1993). In contrast, the statutes creating and regulating the operations of PRPHA are silent on its authority to pledge the credit of the Commonwealth or the Commonwealth's liability for debts and obligations of PRPHA. The absence of language declaring that the Commonwealth is not responsible for PRPHA's debt points in favor of it being an arm of the Commonwealth and entitled to Eleventh Amendment immunity. See Fresenius, 322 F.3d at 69. However, it is the actual financial independence of PRPHA, or is actual financial dependence, on the Commonwealth that is controlling. Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 49-50 (1994).

The record before this Court does not disclose if it was anticipated that PRPHA was intended to rely on the financial safety net of the Commonwealth to constantly subsidize its operations. If, as a practical matter, PRPHA can survive only if a judgment must be paid by the Commonwealth's treasury, then Eleventh Amendment immunity must apply. Hess, 513 U.S. at 50. However, if PRPHA is self-sustaining, then there is no requirement of Eleventh Amendment immunity. Id. Accordingly, because the burden is on PRPHA to establish Eleventh Amendment immunity and the record in this case fails to

establish the financial dependence, or independence, of PRPHA from the Commonwealth's treasury,

the Motion shall be denied without prejudice to PRPHA renewing its motion to dismiss on a more

complete record.

The Court notes that the Motion was filed five days before the decision of the United States

Supreme Court in Central Virginia Community College v. Katz, 546 U.S. ___, 126 S.Ct. 990 (2006).

The parties did not address the impact, if any, of the decision in Katz on the resolution of the Motion.

For the reasons discussed in this opinion, the Court does not need to consider Katz in ruling on the

Motion.  However, any future motion to dismiss based upon a claim of Eleventh Amendment immunity

will need to address the impact of the decision in Katz.


**IV.  CONCLUSION**

For the reasons set forth in this opinion, the Court shall issue an order denying the Motion

without prejudice.  This opinion constitutes the Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate

judgment consistent with this opinion.

ENTERED at San Juan, Puerto Rico.


Date: March 24, 2006                               /s/ J. Michael Deasy
                                                   J. Michael Deasy
                                                   Bankruptcy Judge
                                                   sitting by designation