**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **422 CORPORATION** | **CASE NO. 05-03276 BKT** |
| **Debtor(s)** | **Chapter 11** |
| | **Adversary No. 05-00251** |
| **422 CORPORATION AND BANCO POPULAR DE PUERTO RICO** | |
| **Plaintiff(s)** | |
| | |
| **UNITED SURETY & INDEMNITY COMPANY; PUERTO RICO PUBLIC HOUSING ADMINISTRATION AND JULIE LORENZO** | **FILED & ENTERED ON 08/06/2007** |
| **Defendant(s)** | |

**OPINION AND ORDER**

This opinion adjudicates the following pending matters: (1) Banco Popular de Puerto Rico's ("BPPR") Motion requesting additional findings of fact (Dkt. No. 156); (2) BPPR's motion to alter or amend Judgment pursuant to Rule 9023 (Dkt. No. 158); and (3)United Surety and Indemnity Company's ("USIC") motions in opposition to BPPR's requests (Dkt. Nos. 166 and 167). The Court took the matters raised in Plaintiff and Defendant's motions under advisement.

BPPR's motions requesting additional findings of fact and to alter or amend judgment rest on the requirements of Federal Rule of Civil Procedure 52(b) as incorporated by the Federal Rule of Bankruptcy Procedure 7052, and Federal Rule of Civil Procedure 59(e) as incorporated by Federal Rule of Bankruptcy Procedure 9023. Plaintiff states all relevant facts established by the evidence presented "must be declared and considered if the judgment is to have any basis on reality, honor due process and the respective rights of the parties" (*See*, BPPR's Motion Dkt. No. 156, page 2). F. R. Civ. P 52(b) provides that upon motion of a party made not later than ten (10) days after entry of

judgment, the court may amend its findings of fact, or make additional findings and may amend the judgment accordingly. Similarly, F. R. Civ. P. 59(e) allows the Court to alter or amend the judgment if a motion is timely filed no later than ten (10) days after the entry of judgment. Plaintiff BPPR cites National Metal Finishing Co. v. Barclays American/Commercial, Inc. , 899 F.2d 119 (1990) in support of its position that the Court may, as a result of amended or additional findings, reverse its initial judgement. More recently, in Raul A. Muriel Morales v. United States of America, 2007 WL 1387279 (D. Puerto Rico, 2007) the United States District Court for the District of Puerto Rico reiterated that a motion for reconsideration is treated as a motion under Rule 59(e). These motions should be granted to correct manifest errors of law or to present newly discovered evidence (*See*, F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). However, BPPR fails to address an integral part of the holdings of these cases which state that Rule 59(e) motions are not appropriate if they merely repeat old arguments previously considered and rejected by this Court. For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly" and are "typically denied." (See, National Metal Finishing Co., 899 F.2d at 123). Moreover, the trial court's obligation is to clearly relate the findings of fact upon which its decision rests in "brief, definitive, pertinent findings" to the legal conclusions that are found. (*See*, Supermercados Econo, Inc. V. Integrand Assurance Company, 375 F.3d 1 (1st Cir. 2004)).

In order for the judgment to be amended or altered, Plaintiff must bring forth new evidence, raise manifest errors or novel theories of law that would warrant reconsideration of this Court's judgement entered on June 19, 2007. This Court finds that BPPR has not met any of these requirements. Accordingly, and having reviewed the record, the Motion Requesting Additional Findings of Fact Pursuant to FRCP 52(b) and the Motion to Alter or Amend Judgment pursuant to

FRCP 59(e) are hereby DENIED. In addition, USIC's requests for the imposition of sanctions, attorney fees, and costs are hereby DENIED.

**SO ORDERED**.

San Juan, Puerto Rico, this 06 day of August, 2007.

Brian K. Tester
U.S. Bankruptcy Judge

CC: ALL PARTIES